NO. 07-03-0146-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 11, 2003


______________________________



MICHAEL R. PALOMIN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 89-10-3257; HON. ANDY KUPPER, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant Michael R. Palomin attempts to appeal pro se from the denial of his
request for forensic DNA testing. The order denying his request was signed on September
5, 2002. The document, which we interpret as his notice of appeal, was filed with this court
on March 24, 2003. Furthermore, we interpret it as a notice of appeal since it is entitled
"Motion for Leave to File Out of Time Appeal" and evinces appellant's desire to appeal the
trial court's ruling. See Palma v. State, 76 S.W.3d 638, 641 (Tex. App.-Corpus Christi
2002, pet. ref'd) (stating that a letter from Palma to the court clerk asking if he had an
appellate attorney and an appeal bond sufficiently evinced a desire to appeal and,
therefore, constituted a notice of appeal). For the reasons set out, we must dismiss the
appeal for lack of jurisdiction. 

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 ( Tex. Crim. App. 1996). To be timely, a notice of appeal
(in a criminal matter) must be filed within 30 days after the date sentence is imposed or
suspended in open court or within 90 days after the date sentence is imposed or
suspended in open court if the defendant timely files a motion for new trial. Tex. R. App.
P. 26.2(a)(1) & (2). In a civil matter, the notice must be filed within 30 days of the date the
trial court signed the final order or judgment or within 90 days if a timely motion for new trial
is filed. Id. at 26.1(a). And, while an appellate court may extend the time to file a notice
of appeal, the notice and request for an extension must be filed within 15 days of the
original deadline for filing the notice of appeal. Tex. R. App. P. 26. 3. 

 Irrespective of whether or not appellant timely moved for a new trial after his request
for DNA testing was denied, the document we deem to be his notice of appeal was
untimely. That is, it was filed long after 90 days lapsed from the date the order was signed. 
Similarly, his request to extend the appellate deadline is also untimely by approximately
three months. Thus, we have no jurisdiction over the appeal. And, because we cannot
create jurisdiction where none exists, Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998), we must dismiss the appeal. Id. at 210. (1)

 

 Per Curiam 

Do not publish.
1. Because we have determined that we do not have jurisdiction over appellant's appeal, his "Motion
for the Appointment of Attorney" is moot.



nion on the validity of the
September 15 judgment. 
2. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of
habeas corpus returnable to the Texas Court of Criminal Appeals. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3 (Vernon 2005).